Jesus CASTANON–GRIJALVA, a.k.a.
Juan Vera–Solis, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–73511.

Agency No. A92–118–998.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 1, 2003.*

Decided Dec. 19, 2003.

Eric E. Castelblanco, Esq., Law Offices of Eric E. Castelblanco, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Jennifer L. Lightbody, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, for Respondent.

Before BEEZER and KOZINSKI, Circuit Judges, and SCHWARZER,** Senior District Judge.

## MEMORANDUM ***

Jesus Castanon–Grijalva, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals ("BIA") decision denying his motions to stay removal and remand for consideration of new facts, and dismissing his appeal from the decision of an immigration judge ("IJ") denying adjustment of status and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition for review.

---

\* The panel unanimously finds this case suitable for submission without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

In this court, Castanon–Grijalva fails to argue how the BIA abused its discretion when it denied his motions to stay removal and remand to the IJ and dismissed his appeal of the IJ's denial of adjustment of status and cancellation of removal. Accordingly, we regard Castanon–Grijalva's failure as a waiver of his right to challenge the BIA's decision. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996).

We need not reach Castanon–Grijalva's challenge to the IJ's finding of removability under 8 U.S.C. § 1182(a)(9)(A)(ii). Castanon–Grijalva has never challenged the two additional grounds on which the IJ ordered him removed, 8 U.S.C. § 1182(a)(6)(C)(i) (seeking to procure admission or obtain a benefit under the Immigration and Nationality Act by fraud or willful misrepresentation of a material fact) and 8 U.S.C. § 1182(a)(7)(A)(i)(I) (failure to possess valid travel documentation at the time of application for admission). As a result, even if Castanon–Grijalva is not removable under 8 U.S.C. § 1182(a)(9)(A)(ii), he is still removable on the two alternative grounds reached by the IJ.

PETITION DENIED.